## BLOOMENSTIEL v. TRIDICO (WILBERT, Intervener).
### No. 1369.

Court of Appeal of Louisiana, First Circuit.
Oct. 3, 1934.

See, also, 156 So. 793; 149 So. 912; 152 So. 79.

Charles T. Wortham, of Donaldsonville, for appellant.

Caleb C. Weber, of Donaldsonville, for appellee.

ELLIOTT, Judge.

This case was before us on a former appeal. The question at issue was decided and the case remanded to the lower court.

Upon its return Mose F. Bloomenstiel, holder of a note for $401, secured by a special mortgage on an automobile, proceeded against Joseph T. Wilbert, intervener and third opponent, by rule, to show cause why a chattel mortgage for $640 held by Wilbert dated March 16, 1931, securing a note for a like amount and bearing a like date on the same automobile, should not be canceled on the ground that the note, except to the extent of some $240 or $250, had been paid and extinguished.

Wilbert appeared in response to the rule and excepted to the suit on the ground that the clerk of court of the parish of Ascension was a necessary party to a suit for the purpose of canceling a mortgage on record in his office, and he was not a party to the rule; on the further ground that the rule disclosed no right or cause of action, and under reserve of these exceptions he filed an answer to the merits, in which he denied that the mortgage note for $640 had been paid and extinguished, and set up some other defenses to which it is not necessary to presently refer.

The lower court assigning written reasons rendered judgment in favor of Wilbert, rejected plaintiff's demand, and discharged the rule.

Bloomenstiel has appealed.

The exceptions of nonjoinder and of no cause or right of action were by the ruling of the court referred to the merits. In acting on the merits the court did not rule on these exceptions; consequently there is nothing on that subject that we can review.

The evidence shows that Joseph T. Wilbert purchased the note for $640 after maturity from Donaldsonville Finance & Realty Company for $250. This note was payable in installments of $40 each, nine or ten of which had been paid at the time Wilbert acquired it. Two more, one for $25 and another for $6.50, were paid after he acquired it, and the preponderance of the testimony is to the effect that there remained about $248.50 due on the note after these last payments were made.

The evidence shows that Tony Tridico is the maker of another note for $401 dated March 16, 1931, secured by a mortgage granted by Tridico on the same automobile. This note is held by Bloomenstiel. After executing the note for $640 and the note for $401, Tridico must have surrendered the automobile to Donaldsonville Finance & Realty Company, and this company must have surrendered it to Wilbert, because Wilbert, in selling it back to Tridico, states in the act of sale that he acquired same from Donaldsonville Finance & Realty Company. The sale from Wilbert to Tridico is evidenced by an authentic act executed before Henry Dugas, notary public, bearing date July 12, 1932, for the price and sum of $300. Tridico executed a note in favor of Wilbert for $300 representing the price, secured by vendor's lien and privilege and special mortgage reserved on the automobile. This $300 note is payable in installments of $25 each.

The note for $640 with mortgage securing it is apparently the first mortgage on the automobile; the second in point of rank is the mortgage securing the note for $300, both of which are held and claimed by Wilbert. The note for $401, held by Bloomenstiel, though it

bears same date as the note for $640, yet the mortgage securing it is of date later than that which secures the note for $300. It follows that if the note for $640 should be canceled, together with the mortgage securing it, then there would remain superior to the Bloomenstiel note only the note for $300. Blumenstiel alleges and contends that this note for $300 takes the place, pays, and extinguishes the note for $640; that he is entitled to have it so declared, and the note for $640, with the mortgage securing it, ordered canceled. Tony Tridico purchased the automobile in question on March 16, 1931, from Truxillo Motor Company. It bears the serial number 6524239.

Tridico testifies that finding it difficult to make the $40 payments which he was obligated to make on the note for $640, he got Wilbert to take up the note and Wilbert reduced the payments to $25 a month; that he then signed a new note for $25 a month.

"Q. Do you mean to say that you gave Wilbert the $300.00 at $25.00 a month? You owed him both notes, the $248.00 note and the $300.00 note? A. He holds the notes. I don't know who; I guess the man who owns the car, and the car was taken away from me by him."

Further testifying, Tridico makes it plain that it was his understanding that he owes Wilbert but one note; and the proper inference from his testimony is that it is his understanding that the $250 balance due on the note for $640, with $50 added to it for legal expense, made up the note for $300.

Wilbert testifies, referring to the note for $640, that he bought it from Donaldsonville Finance & Realty Company for $250; that Bloomenstiel called on him after he had bought it and wanted to buy it from him for $300, but he refused to sell it, giving as his reason that "It was Tridico's note and I didn't want to sell it." This admission in the testimony of Wilbert, that the note belonged to Tridico and that he didn't want to sell it on that account, and his further direct admission that Tridico owed him only $300, is more convincing than his further testimony in which he claimed not to know what was the consideration of the note for $300; didn't understand how he came by it; that he bought two notes, etc. As showing the character of his testimony, we copy some of the questions asked him and his answers thereto:

"Q. Well, do you know anything about this note for $300.00? A. Yes, another note was drawn up by Mr. Weber for $300.00.

"Q. What was the $300.00 given for? (Objection)

"Q. What was this $300.00 note given for? What was the consideration for it? A. I couldn't tell you that.

"Q. Did Mr. Tridico owe you any $300.00 outside of what he owed you on that note? A. No, Sir.

"Q. That is all he owed you? A. Yes, Sir.

"Q. Well, don't you know then, Mr. Wilbert, that that note was given for a balance due on that $640.00 note? A. No.

"Q. Mr. Weber is your attorney, he cannot testify. What an attorney knows is confidential. A. I had one note; I bought another note for $300.00. I had two notes.

"Q. You don't know how that 2nd mortgage note came up? A. Unless it is for attorney's fees for expenses going here and forth and drawing up papers. I can't say.

"Q. Mr. Wilbert, would you say upon your oath that Tony Tridico owes you that balance on that note, and also owes you that note for $300.00? A. That note was turned over to me when I bought the car.

"Q. You don't know why you accepted this 2nd mortgage for $300.00 and you don't know what the consideration was? A. I don't understand. He turned the note over to me.

"Q. You paid Tomplain $300.00 for that note? A. $250.00.

"Q. What was that $300.00 note given for? A. This was turned over to the hands of my attorney.

"Q. You shielded yourself under the cover of your attorney? A. Sure that's what you have one for.

"Q. Do you mean to say you don't know whether Tony Tridico owes you both notes or not? A. No, Sir.

"Q. You don't know? A. No, Sir."

Taking Wilbert's testimony to be true, that "It was Tridico's note and I didn't want to sell it," the inference arises that Tridico must have acquired it in the way claimed by the plaintiff in rule.

■■ It is our conclusion from the testimony of Tridico and Wilbert and the act of sale from Wilbert to Tridico, that Wilbert, upon acquiring from Donaldsonville Finance & Realty Co., Inc., the note for $640, ostensibly took over the automobile from Donaldsonville Finance & Realty Co. and sold it back to Tridico for $300; the $300 not being a new price, but made up by taking the balance of $250 due on the $640 note, with $50

added on account of legal expenses, referred to by Wilbert as carrying charges.

As this note for $300 took the place of the note for $640, the note for $640 was thereby paid and extinguished. Not only that, but when Wilbert acquired the automobile as he was bound to have done in order to sell it back to Tridico, the mortgage existing thereon securing the balance due on the note for $640 was extinguished as a matter of law.

"Obligations are extinguished: By payment" and "by confusion." Civil Code, arts. 2130 and 2217.

"Mortgages are extinguished: * * * By the creditor acquiring the ownership of the thing mortgaged. By the extinction of the mortgagor's right. By the extinction of the debt, for which the mortgage was given." Civil Code, article 3411.

Under the evidence, the note for $640 was extinguished and the plaintiff in rule is entitled to have it canceled, together with the mortgage granted to secure it, as prayed for.

The reasons assigned in the lower court for the judgment rendered has received our consideration. It is said: "The evidence leaves no doubt that Mr. Wilbert bought this note ($640.00) from Mr. Tomplain, trading under the name Donaldsonville Finance & Realty Company. That he still owns it; that it has never been paid. The testimony of Mr. Tomplain corroborates this. In fact plaintiff himself testified that he tried to purchase this note from Mr. Tomplain; that he (Bloomenstiel) having failed to purchase it, brought suit on his own note. That he knew the Wilbert $640.00 note to be valid and binding. Such an admission necessarily disposes of his, plaintiff's, rule. Considering the above admission and all the testimony taken in this cause, the court is of the opinion that this note of $640.00 has not been extinguished," etc.

■ We differ with the lower court as to what the evidence shows. Bloomenstiel did endeavor to buy the $640 note from Wilbert, not the Donaldsonville Finance & Realty Company. His effort to buy would, under some circumstances, be a recognition on his part that it was a good note and had not been paid or extinguished. But at the time he sought to buy it he was not aware that Wilbert had taken over the automobile from Donaldsonville Finance & Realty Company and sold it back to Tridico for $300, taking a note for the $300, made up and secured as above stated. Wilbert's admission that the note for $640 belonged to Tridico and the testimony of Tridico and of Wilbert concerning the consideration and purpose of giving the note for $300 leaves no room for doubt on that subject. When Bloomenstiel sought to buy the $640 note from Wilbert, the situation was not explained to him and he was not aware that it had been paid and extinguished in the way stated.

The judgment appealed from is erroneous and contrary to the law and the evidence.

For these reasons, the judgment appealed from herein is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the note for $640, dated March 16, 1931, signed by Tony Tridico, payable to bearer and secured by mortgage on a Chrysler automobile No. 6524239, has been paid and extinguished, and that said note, together with the mortgage securing it, is without any force or effect. It is further ordered that said note be surrendered to the clerk of court of the parish of Ascension in order that it, together with the chattel mortgage securing it, may be canceled.

It is further ordered that Joseph T. Wilbert pay the cost in both courts.